UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| GEOFFREY D. SPEARS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15CV238 SNLJ |
| | ) | |
| BOB HOLDER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $1.00. *See* 28 U.S.C. § 1915(b).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

On October 15, 2015, plaintiff was booked into the Dunklin County Jail and placed in the drunk tank. He was not given a blanket or mat. A few weeks later, defendant Nicole Green ordered that he be placed in the drunk tank again, and he spent six days there.

He wrote grievances to defendants Green and Bob Holder, but they did not respond to him.

Later, plaintiff began coughing up blood. He has requested medical help, but he has not received any.

Finally, plaintiff complains that he has been fed meal loaf three times a day.

## Discussion

Plaintiff did not specify whether he is suing defendants in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

To state a claim for unconstitutional prison conditions, a pretrial detainee must show that (1) the conditions of confinement posed a substantial risk of serious harm and (2) that the prison officials knew of but disregarded, or were deliberately indifferent to, plaintiff's health and safety. *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005). Plaintiff has not alleged that the conditions in the drunk tank posed a substantial risk of serious harm that defendants deliberately disregarded. As a result, his drunk tank claim does not rise to the level of plausibility required by *Iqbal*.

Similarly, plaintiff has not alleged that being fed meal loaf subjected him to serious harm. This claim is also implausible under § 1983.

Because plaintiff is proceeding pro se, the Court will allow him to file an amended complaint. **Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so he must include each and every one of his claims in the amended complaint**. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). **Any claims from the original complaint that are not included in the amended complaint will be considered abandoned**. *Id.* **Plaintiff must allege how each and every defendant is directly responsible for the alleged harm. In order to sue defendants in their individual capacities, plaintiff must specifically say so in the complaint**. **If plaintiff fails to sue defendants in their individual capacities, this action may be subject to dismissal**.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint no later than **January 21, 2015**.

**IT IS FURTHER ORDERED** that the Clerk is directed to send plaintiff a prisoner civil rights complaint form.

Dated this 21st day of December, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE