# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| GOEFFREY D. SPEARS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:15CV238 SNLJ |
| | ) |
| BOB HOLDER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's amended complaint. Upon review, the Court finds that the complaint fails to state a claim upon which relief can be granted. However, before dismissing this action, the Court will allow plaintiff to file a second amended complaint.

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

Plaintiff sues defendant Nicole Green and the Dunklin County Jail (the "Jail") for unconstitutional conditions of confinement. Plaintiff was booked into the Jail on October 5, 2015. He was initially placed in the drunk tank without a mat or blanket. After a few weeks of being housed in a regular cell, defendant Green had him placed in the drunk tank for six days. Again, he did not have a mat or a blanket. He was fed meal loaf while in the drunk tank, and he says he got food poisoning from eating it. He claims he filed a grievance about the placement that was not answered.

Plaintiff claims that the Jail's policies regarding placement in the drunk tank were not followed.

Plaintiff coughed up blood in front of a correctional officer. He says he was not given any medical aid. And he claims he is still coughing up blood.

Plaintiff says he did not receive any mail while he was in the drunk tank. He does not allege, however, that Jail officials withheld his mail.

## Discussion

To state a claim for unconstitutional conditions of confinement under the Eighth Amendment, an inmate must show that the alleged deprivations denied him the minimal civilized measure of life's necessities and that defendants were deliberately indifferent to excessive risk to his health or safety. *E.g., Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995) ("Eighth Amendment does not absolutely bar placing an inmate in a cell without clothes or bedding."); *Seltzer-Bey v. Delo*, 66 F.3d 961, 963-64 (8th Cir. 1995) (for conditions of confinement to

violate Eighth Amendment, inmate must show alleged deprivations denied him minimal civilized measure of life's necessities and defendants were deliberately indifferent to excessive risk to his health or safety). Plaintiff's allegations fall short of demonstrating a constitutional violation. He claims he was subjected to uncomfortable conditions, but his allegations do not show that he was subjected to an excessive risk to his health or safety. Although he claims he had food poisoning, he does not claim that Green knew he became sick or deliberately disregarded any food-related issues in the Jail. Therefore, plaintiff's conditions-of-confinement claim fails to state a claim upon which relief can be granted.

Plaintiff does not allege that Green was involved in the denial of medical care for his cough. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."). Therefore, this claim does not state a claim upon which relief can be granted.

Plaintiff has not alleged that Green intentionally withheld his mail. So, he has not stated a plausible claim for denial of access to mail.

Plaintiff's claim that prison policies were not followed does not amount to an unconstitutional denial of due process of law.

Finally, plaintiff's claim against the Jail is legally frivolous because the Jail cannot be sued. *Ketchum v. City of West Memphis*, *Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

For these reasons, the complaint fails to state a claim upon which relief can be granted. However, plaintiff's claim that he is coughing up blood is a serious allegation that he should be able to develop, if possible. As a result, the Court will allow plaintiff to file a second amended complaint on the issue of <u>denial of medical care</u>. **Plaintiff must allege how defendant Green, or any other named defendant, is directly responsible for the alleged denial of medical care. In order to sue defendant in her individual capacity, plaintiff must specifically say so in the complaint**. **If plaintiff fails to sue defendant in her individual capacity, this action may be subject to dismissal**.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to send plaintiff a prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint no later than twenty-one (21) days from the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff does not comply with this Order, the Court will dismiss this action without further proceedings.

**IT IS FURTHER ORDERED** that defendant Dunklin County Jail is **DISMISSED**

An Order of Dismissal will be filed separately.

Dated this <u>11th</u> day of January, 2016.

/s/ Stephen N. Limbaugh, Jr.
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE